UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                          CASE NO. 8:19-CR-246-T-17JSS

QULETON MONIX.

_____/

ORDER

This cause is before the Court on:

Dkt. 18       Order of Detention
Dkt. 22       Motion for Hearing and Motion for Review of
              Magistrate's Detention Order and Motion to Set
              Reasonable Bond
Dkt. 24       Response


    Defendant Quleton Monix moves for review of the Order of Detention (Dkt.
18).  Defendant Monix argues that Defendant Monix has rebutted the presumption
that "no condition...will reasonably assure the appearance of the person...and the
safety of the community if...there is probable cause to believe the person committed
an offense for which a maximum term of imprisonment of ten years or more is
prescribed in the Controlled Substances Act (21 U.S.C. Sec. 801 et seq.).
Defendant Monix requests that the Court reconsider the Order of Detention and
set reasonable bail and/or order electronic monitoring.   Defendant Monix further
requests that a hearing be set on Defendant's Motion for Review.


    The Government opposes Defendant Monix' Motion, and requests that
the Court deny Defendant's Motion in all respects, and adopt the Order of Detention.

I.      Background

On June 11, 2019, the Grand Jury returned an Indictment charging Defendant Quleton Monix with the following:

Count 1     Possession with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(C);

Count 2     Knowingly carry a firearm during and in relation to, and knowingly possess a firearm in furtherance of, a drug trafficking crime for which the defendant may be prosecuted in a Court of the United States, specifically, possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, as alleged in Count 1 above; Count 1 being incorporated by reference herein, in violation of 18 U.S.C. Sec. 924(c)(1)(A)(i).;

Count 3     Having knowingly been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, (listing 8 convictions), knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, a Beemiller, Inc., Hi-Point Model: C9, 9MM semi-automatic pistol; approximately 38 rounds of F C 9MM LUGER ammunition, and approximately 2 rounds of TULAMMO 9MM LUGER ammunition, in violation of 18 U.S.C. Sec. 922(g)(1) and 924(a)(2).

On June 18, 2019, Magistrate Judge Tuite conducted a bond/detention hearing. (Dkts. 12, 13). Magistrate Judge Tuite granted the Government's request that Defendant Monix be detained.

Magistrate Judge Tuite noted at the outset that there is probable cause to believe that Defendant Monix has committed an offense under 18 U.S.C. Sec. 924(c) and an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. Secs. 801, et seq., such that there is a statutory presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. *See* 18 U.S.C. Secs. 3142(e)(3)(A), (B).

Magistrate Judge Tuite found that the nature and circumstances of the charged offense weigh in favor of detention (Dkt. 18, p. 2), that the weight of the evidence was strong and weighs against release (Dkt. 18, pp. 2-3), and that Defendant's history and characteristics weigh against release (Dkt. 18, pp. 3-4). Magistrate Judge Tuite further noted the testimony that surveillance conducted at Defendant's residence after execution of the search warrant on September 26, 2018, indicates that Defendant continued to engage in trafficking activity, and that at the time of the surveillance, Defendant had previously been arrested on state charges and posted bond for those charges. Magistrate Judge Tuite found that evidence of such illicit conduct while on bond weighs in favor of Defendant's detention, and demonstrates , along with the other information before the Court, the seriousness of the danger posed by Defendant's release. (Dkt. 18, p. 4).

Magistrate Judge Tuite further found  that the information and testimony submitted by Defendant was not sufficient to rebut  the presumption. (Dkt. 18, pp. 4-5).

II.     Standard

When requested, the district court must promptly undertake an evaluation of the propriety of a magistrate judge's pre-trial detention order. *U.S. v. King*, 849 F.2d 485 (11th Cir. 1988). A district court reviews *de novo* a magistrate judge's pre-trial [detention] order. *U.S. v. Megahed*, 519 F.Supp.2d 1236, 1241 (M.D. Fla. 2007)(citing *U.S. v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985)). Review by the district court contemplates an "independent consideration fo all facts properly before it," *U.S. v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987)(citing *Hurtado*, 779 F.2d at 1480-81). If the district court concludes after a careful review of both the parties' papers and the evidence presented at the detention hearing that the evidence supports the magistrate judge's findings of fact and if the district court concludes that the magistrate judge correctly applied the law, "[t]he court may then explicitly adopt the magistrate's pre-trial detention order." *U.S. v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, if necessary to the resolution of an essential issue of fact, the district court may marshal further evidence by convening a hearing. *King*, 849 F.2d at 491.

III.    Discussion

The Bail Reform Act of 1984 permits district courts to grant or deny detention to a defendant after indictment pending trial. There is a rebuttable presumption of risk of flight or danger to the community when a defendant has been indicted for certain crimes. Specifically, when a defendant is indicted for an offense punishable by more than 10 years imprisonment pursuant to the Controlled Substances Act, there is a presumption that there is no condition of release that will reasonably assure the appearance of the defendant and the safety of the community. The

grand jury Indictment standing alone will trigger these statutory presumptions. *See U.S. v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985).

Once the statutory presumptions are raised, the defendant has the burden of production at the detention hearing "to suggest that he [is] either not dangerous or not likely to flee if turned loose on bail. *U.S. v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)(internal citations omitted). The burden of persuasion remains with the Government at all times to show that the defendant's present cannot be reasonably assured by a conditional release (by a preponderance of the evidence standard) or that the defendant is a danger to the community (by the clear and convincing evidence standard). *Id.* Even if the defendant comes forward with evidence, the rebutted presumption is not erased entirely, "it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in 3142(g). *U.S. v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (internal citations omitted).

A finding of either danger to the community *or* risk of flight will be sufficient to detain the defendant pending trial. *U.S. v. King*, 849 F.2d 485, 488 (11th Cir. 1988)(citing *U.S. v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985).

After considering the Sec. 3142(g) factors, Magistrate Judge Tuite ordered that Defendant Monix be detained. The Court has carefully reviewed the record, and has listened to recording of the detention hearing. After consideration, the Court adopts the Detention Order of Magistrate Judge Tuite in all respects. Accordingly, it is

**ORDERED** that Defendant Quleton Monix' Motion for Review of Magistrate Judge's Detention Order (Dkt. 22) is **granted in part** to the extent that the Court has reviewed the record and the detention hearing. Defendant Monix' request to reconsider the Detention Order is **denied**. The Court **adopts** the Detention Order (Dkt. 18); Defendant Monix **shall remain** in custody. Defendant Monix' Motion for Hearing is **denied**, and Motion to Set Reasonable Bond is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 22 day of July, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record